**CONTINENTAL INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**ALLIANZ INSURANCE COMPANY and Viad Corp, Defendants–Appellees,**

**Docket No. 02–7438.**

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

M. Miller Baker, McDermott, Will & Emery, Washington, DC, for Plaintiff–Appellant.

James C. LaForge, Chadbourne & Parke, New York, NY, for Defendants–Appellees.

Present: F.I. PARKER, STRAUB, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Continental Insurance Co. ("Continental") appeals from a judgment of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge*), entered on April 18, 2002, denying Continental's motion for partial summary judgment and granting the motion of defendants-appellees Allianz Insurance Co. ("Allianz") and Viad Corp. ("Viad") to stay the action and compel arbitration.

On September 30, 1975, Viad[1] and Continental entered into a Reinsurance & As-

---

1. Viad is successor-in-interest to Greyhound Corporation, the actual signatory to the R & A Agreement.

sumption Agreement ("R&A Agreement"). Continental agreed to reinsure and assume all insurance and reinsurance risks written by Viad's then-wholly-owned subsidiary, General Fire & Casualty Company ("GF&C"). Viad agreed to reimburse Continental for the claim loss and expense incurred managing these GF&C claims until October 1, 1980. The R&A Agreement contained an arbitration clause requiring the parties to refer to an arbitration panel "differences hereafter arising between the parties hereto with reference to any and all transactions or terms and conditions under this contract...." (A.42).

In 1983, Continental invoked the arbitration clause to recover from Viad for excess claim losses and expenses arising under the R&A Agreement. An arbitration panel ruled in favor of Continental in January 1984 and ordered Viad to pay a sum certain for reported claims through August 31, 1983. Viad failed to pay, prompting Continental to bring an action in the United States District Court for the Southern District of New York to confirm the arbitration award. The parties agreed to a "Stipulation and Order" pursuant to which Viad agreed to pay Continental the full amount of the arbitration award. Accompanying the Stipulation and Order were mutual releases releasing each party from any further claims, demands, suits, etc. "arising directly or indirectly out of the [R&A] Agreement ... or the award of arbitrators...." ("1984 Releases") (A.115–16, 119–20). The 1984 Releases became effective upon Viad's payment. The district court, (Abraham Sofaer, *Judge*) "so ordered" the Stipulation and Viad paid as ordered. On March 24, 1984, each party received its 1984 Release.

The parties had no dealing with each other until the mid to late 1990s. Allianz was named as a third-party defendant in several GF&C policy claims and tendered the defense to Continental. Maintaining that the 1984 Releases cancelled the R&A Agreement and extinguished any duty to defend purportedly arising thereunder, Continental brought an action on June 20, 2000 in the United States District Court for the Southern District of New York seeking, *inter alia,* injunctive and declaratory relief. Continental moved for partial summary judgment on September 18, 2000. Relying on the arbitration provision in the R&A Agreement, Allianz and Viad moved to compel arbitration on Continental's claims and to stay the federal action in the interim. The district court, (John S. Martin, *Judge*), denied Continental's motion, granted a stay, and compelled arbitration. Continental appeals.

Continental's principal argument is that the district court had the responsibility to enforce the "so ordered" 1984 Settlement Agreement, and did not do so. Defendants do not dispute that the district court had this responsibility, but argue that the district court fulfilled this responsibility correctly by interpreting the 1984 Settlement Agreement as not having extinguished either the underlying obligations of the R&A Agreement, or the arbitration clause contained therein. We agree with defendants and the district court's interpretation of the 1984 Settlement Agreement, substantially for the reasons stated by the district court.

We find that the parties clearly entered into an arbitration agreement that remained valid and enforceable at all pertinent times. This is true even if, as Continental contends, the 1984 Releases cancelled the R&A Agreement because we find no express rescission of the arbitration provision. Absent an explicit intent to rescind, as the district court noted, the arbitration clause survived any termination of the R&A Agreement. *See WorldCrisa Corp. v. Armstrong,* 129 F.3d 71, 75 (2d Cir.1997) ("The Guaranty does

not mention the Agreement—much less its arbitration clause—and the Guaranty's provisions as to jurisdiction, venue, and waiver of moratorium and stay laws do not constitute the kind of clear and specific waiver required to defeat the express arbitration provision in the Agreement.").

Moreover, the arbitration clause can fairly be characterized as a "prototypical broad arbitration provision." *See Oldroyd v. Elmira Sav. Bank, FSB,* 134 F.3d 72, 76 (2d Cir.1998) (citation omitted); *see also Collins & Aikman Prod. Co. v. Building Sys., Inc.,* 58 F.3d 16, 20 (2d Cir.1995) ("The clause in this case, submitting to arbitration '[a]ny claim or controversy arising out of or relating to th[e] agreement,' is the paradigm of a broad clause.") Continental does not dispute that its claims arise out of or are subject to terms of the R&A Agreement. (A.8–12) Even if disputed, we find nothing in the record to rebut the strong presumption favoring arbitrability, given the breadth of the arbitration provision. *See WorldCrisa Corp.,* 129 F.3d at 74 (Broad clauses give rise to a "presumption of arbitrability which is only overcome if it may be said with positive assurance that the arbitration clause is not susceptible of *an interpretation* that [it] covers the asserted dispute.") (emphasis added) (quotation and citation omitted).

For these reasons, we find that the district court properly compelled arbitration. Pursuant to 9 U.S.C. § 3, then, a stay of proceedings pending arbitration was entirely appropriate. Finally, because a district court may not pass on the merits of any action when determining the threshold question of arbitrability of claims, *see AT & T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 649, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986), the district court did not err when it denied Continental's summary judgment motion. Accordingly, the judgment of the district court

denying Continental's motion for summary judgment and granting Allianz' and Viad's motions to compel and to stay is AFFIRMED.